UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARCUS ALEXANDER POST,<br><br>    Petitioner,<br><br>    v.<br><br>ALBERTO R. GONZALES, et al.,<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. C06-1790-MJP<br><br><br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

On December 14, 2006, petitioner Marcus Alexander Post, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his "indefinite" detention by the United States Immigration and Customs Enforcement ("ICE"). (Dkt. #4). Respondents have filed a motion to dismiss, arguing that petitioner's detention is not indefinite and does not violate *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), because his removal has been stayed pending the outcome of his Petition for Review. (Dkt. #12).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition

REPORT AND RECOMMENDATION
PAGE -1

(Dkt. #4) be DENIED and respondents' motion to dismiss (Dkt. #12) be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Germany. (Dkt. #15 at R180-81). On July 11, 1974, he was admitted to the United States as a lawful permanent resident. (Dkt. #15 at R51). On March 14, 2000, he pled guilty in Douglas County Circuit Court, at Roseburg, Oregon, to Manufacture/Delivery of Methamphetamine, a Class B felony, and was sentenced to 36 months probation. (Dkt. #15 at L28-31). On April 17, 2006, petitioner pled no contest in Douglas County Circuit Court to Unlawful Possession of Methamphetamine, a class C felony, and was sentenced to 20 days in jail. (Dkt. #15 at L17-18).

On or about April 20, 2006, ICE issued a Notice to Appear, charging petitioner with removability under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), for having been convicted of an aggravated felony as defined in INA § 101(a)(43)(B), relating to illicit trafficking in a controlled substance. (Dkt. #15 at R177-79). ICE also issued a Notice of Custody Determination, stating that the INA "prohibits [petitioner's] release from custody." (Dkt. #15 at L8). Petitioner was taken into immigration custody at the Douglas County Jail upon his release from state custody, and was transported to the Northwest Detention Center in Tacoma, Washington. (Dkt. #4 at 4).

On July 5, 2006, petitioner appeared at a master calendar hearing with counsel. Petitioner admitted the allegations contained in the Notice to Appear and conceded his removability under INA § 237(a)(2)(A)(iii) and INA § 101(a)(43)(B). (Dkt. #15 at R172). Petitioner requested a continuance, however, to collaterally attack his criminal conviction upon which the removal proceedings were based. On July 7, 2006, the Immigration Judge ("IJ") denied petitioner's motion

for continuance and ordered him removed to Germany. (Dkt. #15 at R169). The IJ also denied petitioner's request for a change in custody status, finding petitioner not eligible for bond. (Dkt. #15 at L40). Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), who dismissed the appeal on October 26, 2006. (Dkt. #15 at R166-67). On November 25, 2006, petitioner filed a Petition for Review and Motion for Stay of Removal with the Ninth Circuit Court of Appeals. (Dkt. #15 at L75-77). *See Post v. Gonzales*, No. 06-75459 (9th Cir. filed Nov. 27, 2006). Under Ninth Circuit General Order 6.4(c)(1), this caused a temporary stay of removal to automatically issue.

On December 14, 2006, petitioner filed the instant Petition for Writ of Habeas Corpus, challenging his continued detention. (Dkt. #4). On January 29, 2007, respondents filed a Return Memorandum and Cross-Motion to Dismiss. [1] (Dkt. #12). Petitioner filed a response to the government's motion on February 13, 2007. (Dkt. #13). Respondents did not file a reply.

On April 10, 2007, the Ninth Circuit denied petitioner's motion for stay of removal, thereby removing any impediments to petitioner's removal to Germany. *See Post v. Gonzales*, No. 06-75459 (9th Cir. filed Nov. 27, 2006). Petitioner's Petition for Review remains pending in the Ninth Circuit.

### III. DISCUSSION

"When a final order of removal has been entered against an alien, the Government must

---

[1] The Court notes that although the government identified its motion to dismiss as a "cross-motion," the government's return filed in accordance with 28 U.S.C. § 2243 is the moving document establishing the briefing schedule under Local Rule 7(d)(3). Therefore, the government's motion is more accurately identified as a motion to dismiss rather than as a cross-motion.

REPORT AND RECOMMENDATION
PAGE -3

facilitate that alien's removal within a 90-day 'removal period.'" *Thai v. Ashcroft*, 366 F.3d 790, 793 (9th Cir. 2004)(citing *Xi v. INS*, 298 F.3d 832, 834-35 (9th Cir. 2002)); INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added); s*ee also Khotesouvan v. Morones*, 386 F.3d 1298, 1300 n.3 (9th Cir. 2004) (stating that the 90-day removal period commences on "the date the order of removal becomes final; the date a reviewing court lifts its stay following review and approval of the order of removal; or the date the alien ordered removed is released from non-immigration related confinement."). During the removal period, continued detention is statutorily required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Where removal cannot be accomplished within the ninety-day removal period, detention beyond the removal period is authorized by INA § 241(a)(6), 8 U.S.C. § 1231(a)(6). In *Zadvydas,* the Supreme Court determined that the government is entitled to a presumptively reasonable period of detention of six months to bring about the alien's removal from the United States. *Zadvydas*, 533 U.S. at 701. After this six month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* The petitioner has the burden of coming forward with "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. If the petitioner meets this burden, the government must produce sufficient evidence

to rebut petitioner's showing. *Id.*

In the present case, the Ninth Circuit denied petitioner's motion for stay of removal on April 10, 2007, thereby commencing the removal period. *See* INA § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii). Accordingly, petitioner's ninety-day removal period will expire on or about July 10, 2007, and the six month presumptively reasonable period will expire on or about October 10, 2007. Accordingly, petitioner's detention is lawful, and the Court must deny habeas relief. *See Zadvydas*, 533 U.S. at 701.[2]

## IV. CONCLUSION

For the foregoing reasons, I recommend that respondents' motion to dismiss be granted, and that the action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 13th day of June, 2007.

Mary Alice Theiler
United States Magistrate Judge

---

[2] Petitioner also argues in his response brief that his detention is unlawful because his attorney has filed a "collateral attack of the underlying conviction upon which the removal proceedings are based." (Dkt. #16, Ex. 4). To the extent that petitioner challenges his order of removal based on a collateral attack of his criminal record of conviction, this Court lacks jurisdiction to consider such claims under the REAL ID Act of 2005. The REAL ID Act amended the Immigration and Nationality Act, eliminating federal habeas corpus jurisdiction over final orders of removal. *See* Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005). Under Section 106 of the Act, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of [the Immigration and Nationality Act]." 8 U.S.C. § 1252(a)(5). This provision makes clear that this Court does not have jurisdiction to entertain petitioner's challenge to his removal order. Accordingly, petitioner's claim must be dismissed.